Daniels, J.
The action was for the balance alleged to have been unpaid upon a contract made between the plaintiffs and the defendants for tin work upon a building constructed on Coney Island in the form of an elephant. The tin work was alleged to have been unskillfully and defectively performed, and on that ground the defendant resisted the action brought by the plaintiffs to recover the contract price for the work. Evidence was given upon the trial by one of the plaintiffs which if it proved acceptable and credible to the jury, established the performance of the agreement by the plaintiffs. After this testimony was taken and "the plaintiffs rested their case, evidence was obtained from quite a large number of witnesses tending to establish the fact that the work had been defectively performed and that the material had not been skillfully used in placing it upon and covering the building.'
To answer this evidence the plaintiffs then proposed to go into proof of the fact that the work had been well done so far as they were capable of doing it, on account of the manner in which the carpenter work upon the building had been performed. The defendant objected to this proof on the ground that it should have been introduced before the case on the part of the plaintiff was rested. But while this *785 evidence might have been generally taken in that state of the trial, it was more proper and pertinent after the alleged defects had been disclosed by the proof introduced on behalf of the defendants, for until that time it could not have been known precisely upon what the defense rested, or what defects were required to be explained or avoided by proof, on behalf of the plaintiffs. It was appropriate rebutting evidence by way of answering the proof received to establish the defense, and the direction of the evidence introduced was to meet and overcome that which had been presented in the case on behalf of the defendant to establish the non-performance of the agreement, In this respect the case was quite similar to that of Bancroft v. Sheehan (21 Hun, 550). And the course pursued was entirely in harmony with the established rule of practice upon this subject.
By way of answer to the proof given on the part of the defense evidence was offered and received upon the trial to establish the fact that the persons employed by the plaintiffs to render the services in the tinning of the building were skillful and experienced workmen. Reliance has been placed-upon exceptions taken to this character of proof by way of supporting the appeal, but while the evidence given under this ruling of the court may have been quite remote, it was not so much so as to be inadmissible on the trial, for it was a circumstance on which some dependence might be placed tending to prove that the work in all probability had been carefully and skillfully performed. And the same nature of evidence was given without objection by one of the plaintiffs who was sworn and examined as the first witness in the case. Very much reliance of course could not be placed upon it, but it was sufficient to warrant its introduction that it was appropriate evidence having some bearing upon the probability that the work had been faithfully performed.
Proof was also allowed to be given that mechanics’ liens were advised to be filed against the property for other expenditures in the construction of the building, but while this was in no sense appropriate to the controversy in the action it was harmless in its results for the reason that it was fully explained by the testimony obtained from the witness. As to the encumbrance on the property by way of mortgage, while the evidence was entirely immaterial and should not have been received, it is quite evident that it could not have prejudiced the defendant in the slightest degree. Many other objections were presented to the questions propounded to the witnesses on the trial but they are still more incapable of being legally sustained than those which have been already mentioned, and their particular consideration therefore becomes unnecessary.
Exceptions were taken to propositions disposed of in the *786 charge. They related to the excuses presented for imperfections in any portion of the work, and were made dependent upon the manner in which the other work had been done upon the building. The object was to excuse the plaintiffs for any defects in the work, or from liability for any repairs afterwards made upon the building, by reason of defects or leakage, in case the work performed by the carpenters, or the material used by them, were found to be defective or in any other respect improper. The directions which were given to the jury upon this subject seem to have been legally correct, for the ¡plaintiffs were in no manner responsible for the work which.had been done by the carpenters or the materials which they had used. And if on that account, the tin work afterwards proved to be defective, the plaintiffs could not be chargeable with such defects. The case upon the evidence was wholly one for the jury, and no rulings appear to have been made upon the trial on which the defendant has any legal ground of complaint. And the judgment and order should be affirmed.
Van Brunt, P. J., and Brady, J., concur.